David SHYMATTA, Plaintiff—
Appellant,

v.

MICROSOFT CORPORATION,
Defendant—Appellee.

No. 04–55206.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 27, 2005.

David Shymatta, Prosser, WA, pro se.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

**638**

Andrew J. Thomas, Esq., Davis, Wright & Tremaine, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

David Shymatta appeals pro se the district court's summary judgment for defendant in his action alleging that Microsoft Corporation ("Microsoft") discriminated against him on the basis of his religion in violation of California's Unruh Civil Rights Act, Cal. Civ.Code § 51 et seq. ("Unruh Act"), and California Business and Professions Code §§ 16721 and 17200. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's summary judgment, *see Botosan v. Paul McNally Realty,* 216 F.3d 827, 830 (9th Cir.2000), as well as its interpretation and application of relevant state law, *see Kona Enters. Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000). We affirm.

■ The district court properly granted summary judgment to Microsoft on Shymatta's Unruh Act claim because Microsoft's decision to deny Shymatta permission to reprint images and text from the Encarta Encyclopedia in his self-published textbook on creationism demonstrated a "legitimate business interest" in protecting its reputation as a neutral, objective educational resource. *See Harris v. Capital Growth Investors XIV,* 52 Cal.3d 1142, 1164–65, 278 Cal.Rptr. 614, 805 P.2d 873 (1991) (a challenged business practice is deemed valid under the Unruh Act where it bears a reasonable relation to commercial objectives appropriate to an enterprise serving the public). Also, because the record indicates that Microsoft did not know of Shymatta's religion when it denied his request, he failed to raise a triable issue of material fact as to whether Microsoft engaged in discrimination on the basis of his religious identity. *See* Cal. Civ.Code § 51.5(a).

■ The district court properly granted summary judgment to Microsoft on Shymatta's claim under Cal. Bus. & Prof.Code § 16721 because Shymatta failed to raise a genuine issue of material fact as to whether Microsoft had a "policy expressed in any document or writing" related to the use of Encarta materials which discriminates on the basis of a protected category. *See* Cal. Bus. & Prof.Code § 16721(b).

■ Finally, the district court properly granted summary judgment as to Shymatta's claim arising under Cal. Bus. & Prof. Code § 17200 because Shymatta failed to raise a genuine issue of material fact as to whether Microsoft engaged in deceptive or unfair conduct. *See Gregory v. Albertson's, Inc.,* 104 Cal.App.4th 845, 851, 128 Cal.Rptr.2d 389 (Cal.Ct.App.2002) (Section 17200 treats violations of other laws as independently actionable under the unfair business practice law).

Shymatta's claims against Microsoft under the California Constitution and the Free Exercise Clause of the U.S. Constitution lack merit because Microsoft is not a state actor. *See Vernon v. City of Los Angeles,* 27 F.3d 1385, 1396–97 (9th Cir. 1994).

We decline to consider Shymatta's arguments concerning discovery because he failed to raise them in a timely manner before the district court. *See United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States v. Kitsap Physicians Service,* 314 F.3d 995, 1000 (9th Cir.2002).

AFFIRMED.